**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| JOHN C. DUVALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-04160-CV-SRB-P |
| | ) | |
| CENTURION OF MISSOURI, | ) | |
| LLC, TREVOR FOLEY, and | ) | |
| KAREN S. BOEGER | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT MOTION TO ALTER SCHEDULING ORDER**

The parties jointly ask the Court to extend the deadline to complete fact discovery on the

putative class claim, re-set class certification briefing deadlines, and set expert deadlines. In

support of this request, the parties state as follow:

1.      On November 25, 2025, the Court set deadlines to finish discovery and brief class

certification. Doc. 217. That Order set the discovery deadline as July 17, 2026. *Id.* It also required

Plaintiff to move for class certification by August 21, 2026. Defendants' opposition to such a

motion is due 30 days after that (i.e., by September 21, 2026)[1] and Plaintiff's reply is due 21 days

after Defendants file their opposition (i.e., October 12, 2026). *Id.* The Order did not set deadlines

for expert discovery.

2.      Since the Court entered that Order, the parties have kept busy. Defendants Trevor

Foley and Karen Boeger (MODOC Defendants) have produced responsive emails after discussions

with Plaintiff on appropriate search terms. *See* Docs. 223, 230, 239.

---

[1] Although September 20 is 30 days after August 21, it is a Sunday. So, Defendants' opposition is
due September 21. *See* Fed. R. Civ. P. 6(a)(1)(C).

3.      Separately, Plaintiff and Centurion of Missouri, LLC, along with the MODOC Defendants, have discussed how to produce information from the system that houses inmates' medical and dental records. *See* Doc. 252. Currently, the parties have until July 17, 2026, to resolve that dispute.

4.      Because addressing and resolving written discovery issues has taken considerable time, the parties first began discussing deposition scheduling in May. Plaintiff has asked for dates for 10 Centurion witnesses and 4 MODOC witnesses. In addition, Plaintiff has served a Rule 30(b)(6) notice on Centurion. To date, only one Centurion witness has a deposition date[2] and the parties have deposed two 30(b)(6) witnesses, although a significant number of topics are still outstanding. The parties have set dates for three out of the four MODOC witnesses.

5.      As previewed at the latest discovery hearing, *see* Tr. of June 17, 2026 Hearing 10:1–11, the parties need more time to accommodate trial schedules and personal schedules to finish these depositions. Given the number of witnesses who need deposition dates and counsel's schedule, the parties believe that they need until September 18, 2026, to finish fact discovery.

6.      This extension will require moving the class certification deadlines as well. The outstanding written discovery disputes (i.e., the reports discussed at the discovery hearing on June 17, 2026) and the depositions will likely be relevant for class certification. So, the parties propose the following briefing schedule for class certification:

> (a)      Plaintiff's Motion and Supporting Suggestions: October 19, 2026
>
> (b)      Defendants' Opposing Suggestions: November 18, 2026
>
> (c)      Plaintiff's Reply Suggestions: December 9, 2026

---

[2] Another Centurion witness had a deposition date, but that deposition was rescheduled due to Centurion scheduling conflicts.

7.     This proposed briefing schedule tracks the currently operative deadlines except that Plaintiff's reply deadline is extended because of the Thanksgiving holiday.

8.     The parties propose setting expert deadlines in this scheduling order. The parties propose that the expert disclosure and deposition deadlines be triggered off this Court's order on class certification:

(a)     Plaintiff's initial expert disclosures: 45 days after class certification decision; and

(b)     Defendants' initial expert disclosures: 35 days after Plaintiff's disclosures.

9.     The parties believe that there is good cause to extend these deadlines. The parties have engaged in substantial discovery discussions that are progressing. In addition, the parties have a plan to finish discovery but need additional time to complete this discovery because of professional and personal commitments.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK]**

WHEREFORE, the parties jointly move the Court to set the above-described deadlines.

DATED:  July 7, 2026

/s/ Ruth Anne French

| Ruth Anne French | #65461 |
| Ryan C. Hudson | #57936 |
| Sarah T. Bradshaw | #66276 |
| Nathan A. Kakazu | #70157 |
| Bradley S. Thomas | #68811 |
| Hans D. Hodes | #001335 |

Sharp Law, LLP
4820 W. 75th St.,
Prairie Village, KS 66208
Telephone: (913) 901-0505
Facsimile: (913) 261-7564
rafrench@midwest-law.com
rhudson@midwest-law.com
sbradshaw@midwest-law.com
nkakazu@midwest-law.com
bthomas@midwest-law.com
hhodes@midwest-law.com

**Attorneys for Plaintiff John C. Duvall**

/s/ Adam Merello

Adam Merello, #72420MO
Assistant Attorneys General
615 E. 13th Street, Suite 401
Kansas City, Missouri 64106
(816) 889-5010
Adam.Merello@ago.mo.gov

**Attorneys for Defendants Trevor Foley
and Karen S. Boeger**

/s/ Dennis S. Harms

Dennis S. Harms, Mo. Bar #58937
Slater G. Felzien, Mo. Bar #73110
SANDBERG PHOENIX & von GONTARD
701 Market Street, Suite 600
St. Louis, MO  63101-1826
314-231-3332
314-241-7604 (Fax)
dharms@sandbergphoenix.com
sfelzien@sandbergphoenix.com

**Attorney for Defendant Centurion of Missouri,
LLC**

4