**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| JOHN DUVALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:23-cv-04160-SRB |
| | ) | |
| EARL SCOTT, et al., | ) | **Oral Argument Requested** |
| | ) | **Pursuant to Local Rule 7.0(e)**[1] |
| Defendants. | ) | |

# DEFENDANT FOLEY AND BOEGER'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

[1] In support of State Defendants' request for oral argument pursuant to Local Rule 7.0(e), State Defendants also request invocation of this Court's *Oral Argument Permitted for New Attorneys* policy, and certify that State Defendants' argument will be presented by Michael Rose, undersigned lawyer who graduated from the University of Missouri-Kansas City School of Law on May 16, 2026—less than six years prior to the filing of this contested motion.

## TABLE OF CONTENTS


TABLE OF AUTHORITIES ........ iii

INTRODUCTION ........ 1

STANDARD OF REVIEW ........ 1

ARGUMENT ........ 1

I. The putative class cannot be enforced against Defendant Boeger in any capacity, or Defendant Foley in his individual Capacity. ........ 2

II. The putative class fails to meet the rigorous demands of Rule 23(a). ........ 4

A. Plaintiff's questions of law or fact are too overbroad for one sweeping resolution of claims. ........ 4

B. The putative class lacks typicality with the claims of John Duvall. ........ 8

C. Duvall cannot adequately represent the putative class. ........ 10

III. Plaintiff is unable to maintain the prospective class under Rule 23(b)(1) or 23(b)(2). ........ 12

CONCLUSION ........ 14

## TABLE OF AUTHORITIES

**Cases**

*Alpern v. Utilicorp United, Inc.*, 84 F.3d 1525 (8th Cir. 1996) .................... 9

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997). .................... 10, 13

*Brown v. Montoya*, 662 F.3d 1152 (10th Cir. 2011) .................... 4

*City Union Mission, Inc. v. Sharp*, 36 F.4th 810 (8th Cir. 2022) .................... 3

*Coleman v. Watt*, 40 F.3d 255 (8th Cir. 1994) .................... 1

*Donaldson v. Pillsbury Co.*, 554 F.2d 825 (8th Cir. 1977) .................... 8

*Farmer v. Brennan*, 511 U.S. 825 (1994) .................... 5, 6

*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147 (1982). .................... 4

*Greenwalt v. Ind. Dep't of Corrs.*, 397 F.3d 587 (7th Cir. 2005) .................... 4

*Hafer v. Melo*, 502 U.S. 21 (1991) .................... 4

*Hines v. Anderson*, 547 F.3d 915 (8th Cir. 2008) .................... 7

*In re St. Jude Med., Inc.*, 425 F.3d 1116 (8th Cir. 2005) .................... 1

*Keister v. Allstate Fire & Cas. Ins. Co.*, 663 F. Supp. 3d 1030 (W.D. Mo. 2023) .................... 11

*Lane v. Dittman, et al.*, No. 2:25-cv-04169-SRB (W.D. Mo.) .................... 13

*Luiken v. Domino's Pizza, LLC*, 705 F.3d 370 (8th Cir. 2013) .................... 3

*Paxton v. Union Nat'l Bank*, 688 F.2d 552 (8th Cir. 1982) .................... 8, 9

*Postawko v. Mo. Dep't of Corrs.*, 910 F.3d 1030 (8th Cir. 2018) .................... 6

*Riedel v. XTO Energy, Inc.*, 257 F.R.D. 494 (E.D. Ark. 2009) .................... 10

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) .................... passim

*Weaver v. Clarke*, 45 F.3d 1253 (8th Cir. 1995) .................... 6

*Wolfe v. Strankman*, 392 F.3d 358, 360 (9th Cir. 2004) .................... 4

**Statutes**

18 U.S.C. § 3626(a) ........................................ 7

42 U.S.C. § 1997e. ........................................ 11, 12

**Rules**

Fed. R. Civ. P. 23(a)(2) ........................................ 4

Fed. R. Civ. P. 23(b)(1)(A) ........................................ 13

## INTRODUCTION

Defendants Trevor Foley and Karen Boeger ("State Defendants"), by and through undersigned counsel, respectfully submit their Suggestions in Opposition to Plaintiff's Motion for Class Certification (Doc. 281). In support thereof, State Defendants submit the following:

## STANDARD OF REVIEW

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The plaintiff carries "the burden of showing that the class should be certified and that the requirements of Rule 23 are met." *Coleman v. Watt*, 40 F.3d 255, 258-59 (8th Cir. 1994). To carry its burden, the plaintiff "must meet all of the requirements of Rule 23(a) and must satisfy one of the three subsections of Rule 23(b)." *In re St. Jude Med., Inc.*, 425 F.3d 1116, 1119 (8th Cir. 2005). Critically, it is not sufficient for a plaintiff merely to plead the elements of Rule 23. *Dukes*, 564 U.S. at 350. Rather, "a party seeking class certification must *affirmatively demonstrate* his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id.* (emphasis added).

## ARGUMENT

As a threshold issue influencing class certification, State Defendants—insofar as Karen Boeger is sued in any capacity, and Trevor Foley is sued in his individual capacity—are inappropriate Defendants for a class certified in pursuit of ordering their compliance with Plaintiff's requested injunctive relief. State Defendants further maintain that Plaintiff has yet to exhaust administrative remedies as to them, which jeopardizes Plaintiff's position as putative class representative.

As to the class certification requirements, Plaintiff's proposed class is noted as "[a]ll individuals incarcerated now, or will be in the future, in Missouri adult correctional facilities subjected to the dental care policies and practices of Defendants." (Doc. 282 at 7).[2] This class of current and future offenders housed by MDOC fails to meet the prerequisites for class formation under Rule 23(a), and the requirements for class maintenance under Rule 23(b) with one exception: MDOC Defendants concede that the putative class meets the numerosity requirement of Rule 23(a)(1). The putative class is essentially infinite. However, Plaintiff fails to meet the other prerequisites of commonality, typicality, and adequacy under Rule 23(a). Plaintiff further fails to establish that maintenance of the proposed class is appropriate under either Rule 23(b)(1) or 23(b)(2).

## I. The putative class cannot be enforced against Defendant Boeger in any capacity, or Defendant Foley in his individual Capacity.

Defendant Boeger was the Missouri Office of Administration Purchasing Division Director at the time this suit was initiated. (Doc. 140 at 6, ¶ 22; Doc. 202 at 4, ¶ 13). In Plaintiff's operative Third Amended Complaint (Doc. 202), Defendant Boeger is mentioned only together with Defendant Foley. In Plaintiff's Suggestions in Support of his Motion for Class Certification (Doc. 282), Defendant Boeger's name is mentioned twice: once in the case caption, and once together with Defendant Foley as the parties being sued. (Doc. 282 at 1, 24). There is no substantive argument—or support in the record—to suggest that a class should be certified against Defendant Boeger. Throughout the discovery process in this case, Plaintiff has left much to be desired as it relates to Defendant Boeger's place in this litigation. Defendant Boeger has never been deposed, and interrogatories directed to Defendant Boeger consist of Defendant Boeger stating her job position, tenure, and who she has discussed the Centurion awarded MDOC dental contract with.

[2] All record citations are cited according to ECF pagination.

Ex. 1, Boeger Resp. to Pl.'s First Interrog. at 1-3. Notably, it has never been alleged that Defendant Boeger personally has any ability to control MDOC policies, procedures, or substantively influence contracts between MDOC and Centurion other than simply facilitating the competitive bidding process. As far as dental treatment goes, Defendant Boeger has no ability to comply with any relief ordered by this Court. Plaintiff failed his burden to "show[] that the class should be certified" as to Defendant Boeger and that the Rule 23 requirements against her are met. *Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 372 (8th Cir. 2013). As such, no class can be certified for enforcement of injunctive relief as to Defendant Boeger in any capacity.

Defendant Foley is being sued in both his official and individual capacities. While it is undisputed that Plaintiff is eligible to pursue injunctive relief against Defendant Foley in his official capacity—by virtue of his former position as Director of MDOC—Defendant Foley has no ability in his individual capacity to comply with injunctive relief, especially considering Defendant Foley is no longer employed by MDOC, making the issue moot.[3] *See City Union Mission, Inc. v. Sharp*, 36 F.4th 810, 815–16 (8th Cir. 2022) (concluding that City Union Mission's claims seeking broad injunctive relief prohibiting Sheriff Sharp and Jackson County from "enforcing or threatening to enforce" § 566.150, RSMo. against City Union Mission or Affected Persons are moot because the Sheriff resigned and was no longer in a position to interpret and enforce the statute). The relief sought by Plaintiff surrounds the policies of MDOC and Centurion, and their ability to conduct dental care. (Doc. 282 at 7). Even if Defendant Foley was still employed as Director of MDOC, seeking injunctive relief against a Defendant in his *individual* capacity is unavailable. State Defendants' research did not reveal a case where the Eighth Circuit directly addressed this issue, and Defendants request that the Court adopt persuasive authority from other

[3] https://governor.mo.gov/press-releases/archive/governor-kehoe-announces-valarie-moseley-director-missouri-department (last accessed November 25, 2026).

circuits and similarly find that "section 1983 does not permit injunctive relief against state officials sued in their individual as distinct from their official capacity." *Greenwalt v. Ind. Dep't of Corrs.*, 397 F.3d 587, 589 (7th Cir. 2005); *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief.") (citing *Hafer v. Melo*, 502 U.S. 21, 30 (1991)); *Wolfe v. Strankman*, 392 F.3d 358, 360 n.2 (9th Cir. 2004) (noting that injunctive and equitable relief are not available in § 1983 individual-capacity suits)

For those reasons, no class can be certified against Defendant Foley in his individual capacity, and the Court should decline to do so here.

## II. The putative class fails to meet the rigorous demands of Rule 23(a).

"Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate. The Rule's four requirements—numerosity, commonality, typicality, and adequate representation—effectively limit the class claims to those fairly encompassed by the named plaintiff's claims." *Dukes*, 564 U.S. at 349 (internal quotations omitted). The Court is required to engage in a "rigorous analysis" to determine whether the essential prerequisites of Rule 23(a) have been met in "any class action." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982).

### A. Plaintiff's questions of law or fact are too overbroad for one sweeping resolution of claims.

The commonality element of Rule 23(a)(2) requires the Plaintiff to show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2); *Dukes*, 564 U.S. at 349. However, establishing the commonality requirements of Rule 23(a)(2) requires more than a simple contention that all members suffered a violation of the same law. *Dukes*, 564 U.S. at 350. The mere broad claim that MDOC's dental treatment efforts violate the Eighth Amendment is insufficient to

establish commonality. *See id.* ("the mere claim by employees of the same company that they have suffered a Title VII injury, or even a disparate-impact Title VII injury, gives no cause to believe that all their claims can productively be litigated at once.").

This rationale holds special weight when considering that Plaintiff's asserted common claim under the Eighth Amendment requires a showing of deliberate indifference of *serious medical needs*. (Doc. 282 at 24); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The common question of law Plaintiff would have to prove does not reconcile with the fact that Plaintiff is requesting injunctive relief for the putative class which wouldn't address serious medical needs at all, and instead addresses periodontal care. (Doc. 282 at 30-31). Plaintiff himself states that the resolution he would want for the putative class would be "comprehensive evaluation at intake and then yearly comprehensive evaluations pursuant to policy" along with follow-up treatment as needed. Ex. 2, Duvall Dep. 61:18-62:12. This requested relief also fails to reconcile with Plaintiff's original claim that he needed his tooth fixed, not periodontal care. (Doc. 1-1 at 61).

Similar to *Dukes*, where the Supreme Court ultimately found that Plaintiff's broad claims did not meet the commonality requirements of Rule 23(a)(2), Plaintiff here proposes a class of potentially millions of individual dental decisions. *See, e.g.*, *Dukes*, 564 U.S. at 352 ("Here respondents wish to sue about literally millions of employment decisions at once. Without [more,] it will be impossible to say that examination of all the class members' claims for relief will produce a common answer to the crucial question[.]").

Plaintiff asks this Court to anticipate the dental needs of unknown individual offenders and characterize them all as violations of the Eighth Amendment—because the class would represent thousands not yet incarcerated—and apply relief with one sweeping injunction. (*See* Doc. 282 at 24) ("Specifically, Plaintiff asserts on behalf of the putative class that Defendants have violated

their Eighth Amendment right by adopting policies and customs statewide about dental care that expose the entire class to a substantial risk of serious harm."). There is no question Plaintiff is requesting a putative class of future offenders whose treatment needs would be completely unknown until individually examined.[4] It would be impossible for MDOC Defendants to have exercised deliberate indifference toward the unknown and diverse medical needs of future offenders, and a mere risk of future harm is not enough. *See Farmer*, 511 U.S. at 837 (holding prison official must know of and disregard an excessive risk to inmate health or safety to be found liable under the Eighth Amendment); *Weaver v. Clarke*, 45 F.3d 1253, 1255 (8th Cir. 1995) ("a prison official violates the Eighth Amendment by being deliberately indifferent . . . to conditions posing a *substantial risk* of future harm.") (emphasis added). Plaintiff merely alleging that there is a risk of substantial harm does not reconcile with (1) the impossibility of knowing future offenders dental needs, or (2) the improvements in care already advanced by MDOC and Centurion. *See* Ex. 2, Duvall Dep. 28:2-10; (Doc. 295 at 11-14).

Plaintiff misconstrues *Postawko* as establishing that any claim of deliberate indifference toward a serious medical need meets commonality regardless of the possible future injury. (*See* Doc. 282 at 25); *Postawko v. Mo. Dep't of Corrs.*, 910 F.3d 1030 (8th Cir. 2018). Plaintiff ignores that in *Postawko*, the putative class members were individuals already identified through blood testing to have an infectious and contagious condition known as HCV, wherein which "at least half" of those diagnosed with HCV would develop cirrhosis or liver cancer. *Postawko*, 910 F.3d at 1034. The affirmed class certification in *Postawko* involved a specifically identified class of individuals with already confirmed diagnoses of HCV—approximately 2,000. *Id.* at 1036.

---

[4] Plaintiff mentions what he characterizes as an assertion several times that the putative class is merely *exposed* to risk, and that one or all Defendants will—sometime in the future—exercise deliberate indifference to medical needs. (*See* Doc. 282 at 24, 25, 26).

The problem for Plaintiff is that he improperly attempts to expand the prospective class and conflate those without serious medical needs and those inmates that have objectively, serious medical needs. And the result, by doing so, is a failure to satisfy the commonality requirement. Here, the putative class, if certified today, will reach roughly 25,000 individuals. (Doc. 282 at 21). Each member of the class would have diverse individual dental needs, with many requiring no treatment at all. Where Plaintiff believes class certification and injunctive relief will ensure all offenders receive dental treatment, the opposite is true. Potentially thousands of offenders who *do not* need treatment at all, would be examined and triaged while those who do need care—and have requested it themselves—lie in wait. The Eighth Amendment does not guarantee all prisoners medical care commensurate with that enjoyed by civilian populations. *Hines v. Anderson*, 547 F.3d 915, 922 (8th Cir. 2008). Inappropriately combining the commonality to include those who do not plausibly satisfy the objective element of a deliberate indifference to a serious medical need claim relatedly runs afoul of any prospective relief the Court could offer. *See* 18 U.S.C. § 3626(a). It follows that Plaintiff invites the Court to certify a class that and proposes relief for such class that contravenes federal statute. The Court should decline this invitation to expand the class that includes those without common question of law or fact. *Cf. Hines*, 547 F.3d at 922 (concluding that the consent decree "was not narrowly draw to address a particular medical problem that existed at the time but instead covered the topic of medical care generally" and thus found that "the type of day-to-day oversight on all aspects of medical care [was] broader than necessary to assure protection of this right.").

The commonality requirement of Rule 23(a) exists for a reason: to allow for resolution of uniform claims efficiently, and bar certification of individualized claims that cannot be addressed as a whole. *See Dukes*, 564 U.S. at 352. The unique dental needs of 25,000 offenders are

individualized decisions that cannot be addressed as a whole, and the Court should deny class certification for lack of commonality.

**B. The putative class lacks typicality with the claims of John Duvall.**

The Eighth Circuit has held that Rule 23(a)(3)'s typicality requirement "requires a demonstration that there are other members of the class who have the same or similar grievances as the plaintiff." *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 562 (8th Cir. 1982) (quoting *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977)). "This [typicality] requirement is generally considered to be satisfied if the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory." *Paxton*, 688 F.2d at 561-62 (internal quotations omitted). The burden of showing typicality "require[s] more than conclusory allegations" that some violation of law will occur in the future. *Id.* at 562.

Duvall's claims do not stem from the same single event as the putative class, or rest on substantive facts typical of the rest of the class from a simple alleged violation of the Eighth Amendment. Put simply, the claims Plaintiff originally grieved related to timely fixing a tooth, not periodontal care. (*See* Doc. 1-1 at 61). Thus, there can be no single event which addresses the individualized dental care of Duvall and the putative class. Plaintiff himself fails to mention any single event, and instead ties his claims to multiple triage events unique to himself. (Doc. 282 at 27). Again, Plaintiff indicates the mere *risk* of future harm *if* a similar situation were to occur with members of the putative class as occurred with the Plaintiff, even though Plaintiff's outstanding issues have already been resolved, and only related to tooth restoration, not periodontal care. (*Id.*); (Doc. 1-1 at 61); Ex. 2, Duvall Dep. 58:1-4.

Further, simply because the putative class' claims involve the same Eighth Amendment violation allegations as Duvall's, does not mean that those claims rise to the level sufficient to meet typicality here. Plaintiff asserts "[t]hese policies specifically risk Plaintiff and the class losing teeth and waiting inordinately long times to alleviate dental pain in the future" in violation of the Eighth Amendment. Plaintiff's claims are not of the type the Eighth Circuit has found to meet typicality. *See, e.g.*, *Paxton*, 688 F.2d at 562 (holding plaintiff met typicality after "[s]everal employees . . . testified that they had been denied timely promotions because of their race and detailed the reasons for their complaints."); *Alpern v. Utilicorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996) (holding plaintiff met typicality when all plaintiff investors were mislead by the same "overly optimistic financial picture").

While Plaintiff alleges broadly that the putative class' dental care is affected by Defendants' policies toward dental treatment and tracking, Plaintiff fails to prove that this Court would be able to address the myriad of policies affecting dental treatment through one sweeping injunction. Plaintiff's allegations that he waited too long for treatment and then had his issues resolved are not "minor" factual variations as Plaintiff frames them. (Doc. 282 at 26). An offender like Duvall who waits too long for toothache treatment and has to request it a second time is different than an offender who, for example, has already been treated and is spitting up blood due to suture complications, and is then immediately treated again to resolve the issue. *See* Ex. 2, Duvall Dep. 54:14-55:14. The differences in dental claims between Duvall and the putative class are—like the putative class's numerosity—essentially infinite. These claims cannot be "so interrelated" with Duvall's that they demonstrate typicality as required, especially now that Duvall has no dental issues of his own. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997). ; Ex. 2, Duvall Dep. 58:1-4. Even if Duvall still had dental issues to address, those claims

would lack individualized typicality to the putative class for the reasons stated above, and the Court should find Plaintiff has not met the requirements of Rule 23(a)(3) here.

**C. Duvall cannot adequately represent the putative class.**

Rule 23(a)(4) requires that the named parties "will fairly and adequately protect the interests of the class." *Amchem*, 521 U.S. at 625. "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Id.* Conflicts exist when different relief applies throughout the class as a whole, especially when named class representatives have already received relief. *See id.* at 626 (discussing misaligned interests of class representatives and needs of urgent relief versus relief that might be needed in the future). "Where the representative parties have interests or claims that are significantly different than those of the majority of the class members, then neither typicality nor adequacy is present." *Riedel v. XTO Energy, Inc.*, 257 F.R.D. 494, 510-11 (E.D. Ark. 2009) (internal quotations omitted).

For the reasons already discussed above, the diversity of individual dental claims will be different for every offender in the putative class. Duvall does not even have current dental issues to address. Ex. 2, Duvall Dep. 58:1-4. Further, Duvall's communication with putative class representatives is lackluster at best. He essentially relies on his own dental experiences—which have been resolved—and the word-of-mouth experiences of a few offenders whose names he does not even know. Ex. 2, Duvall Dep. 42:11-19. For the offenders Duvall has spoken with, their untreated dental issues seem to only be the result of a failure to ever request any treatment. Ex. 2, Duvall Dep. 27:7-22 (offender seen promptly after request), 28:2-24 (three offenders treated with same-day immediate extractions and sutures when requested). Actually being a class representative seems to be of no interest to Duvall. When sent a description of what his duties

would be as a class representative, he "didn't read it." Ex. 2, Duvall Dep. 37:19-25. Duvall's lack of adequacy cannot be overcome simply because he has attorneys appointed to represent him. *Keister v. Allstate Fire & Cas. Ins. Co.*, 663 F. Supp. 3d 1030, 1040 (W.D. Mo. 2023) (holding adequacy of representation was not satisfied for certification of the injunctive class where plaintiff had not reviewed critical legal documents and understood their alleged harm only through their attorney);

Lastly, Plaintiff's failure to exhaust administrative remedies for any class member—including the putative class representative—must result in dismissal of claims against State Defendants pursuant to the Prison Litigation Reform Act ("PLRA") codified in 42 U.S.C. § 1997e. (Doc. 226 at 11).

The record demonstrates that Plaintiff did not exhaust, or intend to exhaust his complaint about his tooth extraction against MDOC. Based on Plaintiff's own testimony and the applicable grievance supporting exhaustion for this case, Plaintiff did not exhaust administrative evidence as to State Defendants. Specifically, Plaintiff notes the operative grievance for his dental treatment claims as to this suit is the grievance which mentions Dr. Jackson's failure to see Plaintiff to address dental issues. Ex. 2, Duvall Dep. 68:2-70:3. The operative grievance Plaintiff mentions is attached to Plaintiff's original complaint, numbered as JCCC 22-888. (Doc. 1-1 at 60). In Plaintiff's grievance appeal, Plaintiff complains that he is either "on a 'shit-list' to be denied dental care or there are not enough dentists employed to do the job timely. Either way, *Centurion* is liable if I lose the tooth, or if it starts causing me pain." (Doc. 1-1 at 61) (emphasis added). By Plaintiff's own testimony and grievance, there has been no exhaustion as to State Defendants. Plaintiff alleges he requested dental care, submitted grievances related to a Centurion dentist's denial of dental

care, and then stated that "I wouldn't ask DOC anything for dental issues[.]" Ex. 2, Duvall Dep. 69:18-70:3.

State Defendants do not dispute that Plaintiff filed the proper grievance documents and appeals under the applicable MDOC policy, and Defendant Foley has admitted the same. Ex. 3, Foley Resp. to Pl.'s Second Req. for Admis. at 1. However, admission that Plaintiff utilized the proper forms pursuant to MDOC's grievance policy is not an admission that Plaintiff exhausted administrative remedies under §1997e, especially as to State Defendants. While exhaustion is a merits question to be resolved by the Court in dispositive motions or otherwise, State Defendants respectfully ask the Court to determine that class certification is inappropriate, at least as to enforcement against State Defendants, when the Plaintiff and putative class representative could be subject to dismissal for failure to exhaust administrative remedies. Because class certification inherently involves factual and legal issues embedded in Plaintiff's merits claims, "The necessity of touching aspects of the merits in order to resolve preliminary matters, e.g., jurisdiction and venue, is a familiar feature of [class] litigation." *Dukes*, 564 U.S. at 351. At minimum, even if considered exhausted, the exhaustion of Plaintiff's extraction issue should prohibit expanding the class to include issues (e.g. delay in general dental care or periodontal care) that were not grieved at all. Put another way, Plaintiff cannot meet the commonality and typicality elements as described above because they were issues that were not exhausted.

Because Duvall cannot fairly and adequately represent the interests of the class, the Court should deny class certification as to adequacy under Rule 23(a)(4).

## III. Plaintiff is unable to maintain the prospective class under Rule 23(b)(1) or 23(b)(2).

### A. Rule 23(b)(1)(A) does not apply to this case.

Rule 23(b)(1)(A) permits certification where separate actions "would create a risk of . . . inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1)(A). This rule addresses cases in which the defendant is obliged by law, or by practical necessity, to treat class members alike. *Amchem*, 521 U.S. at 613–14 (internal citation omitted).

While the treatment needed for each inmate of the putative class would no doubt be individualized, ordering treatment for one inmate in one suit would not hamper MDOC's ability to acquire treatment for a different offender in a different suit. For example, ordering treatment for one inmate, as this Court did in *Lane v. Dittman, et al.*, No. 2:25-cv-04169-SRB (W.D. Mo.), does not require MDOC or Centurion to delay treatment for others, or prevent all parties from continuing litigation in another case, as all are doing here. The Court would not be ordering individual policy changes for every individual dental claim, and therefore Rule 23(b)(1)(A) does not apply to this case.

### B. Class maintenance under Rule 23(b)(2) is inappropriate because Plaintiff's proposed relief fails to resolve the putative class claims in one stroke.

"The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Dukes*, 564 U.S. at 360 (internal quotation omitted). "[Rule 23(b)(2)] does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant." *Id.*

As Centurion Defendants aptly noted in their Suggestions in Opposition (Doc. 295), the injunctions Plaintiff seeks require individualized treatment. For example, Plaintiff's proposed

"timely access to care" injunctive relief would require Defendants to "formulate and implement a system to ensure timely access to necessary care with different schedules depending on the prioritization of the issue." (Doc. 282 at 31). Plaintiff acknowledges himself in his own deposition and throughout his Suggestions in Support that treatment is individualized, discussed *supra*. The idea that vague sweeping injunctive relief can account for every change in care or monitoring necessary in a putative class this large misses the point of certifying a class entirely. The treatment, follow-up, and tracking of individual claims can be, and has already been done in cases before this Court. MDOC Defendants continue to improve processes and treatment plans on individual bases in conjunction with Centurion as needed. Because the individualized dental treatment needs of a putative class this large would be impossible to address through one sweeping injunction, the Court should deny certification on Rule 23(b)(2) grounds here.

**CONCLUSION**

The putative injunctive relief class cannot be enforced against Defendant Boeger in any capacity, or Defendant Foley in his individual capacity, and Plaintiff has unresolved merits issues that will effect his position as putative class representative. Further, because Plaintiff fails to meet the required prerequisites for class certification under Rule 23(a), and because the putative class is inapplicable to Rule 23(b)(1) or 23(b)(2), the Court should deny Plaintiff's Motion for Class Certification (Doc. 281).

Respectfully submitted,

**CATHERINE L. HANAWAY**
Missouri Attorney General

/s/ *Michael Rose*
Michael Rose, #79298
Adam Merello, #72420
Assistant Attorneys General
615 E. 13th Street, Suite 401
Kansas City, Missouri 64106
(816)-889-2434
Michael.Rose@ago.mo.gov
*Attorneys for State Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2026, the foregoing was filed electronically via the Court's electronic filing system and was served by operation of the CM-ECF system on all counsel of record.

/s/ *Michael Rose*
Assistant Attorney General